UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAUDA ILIYA,<br><br>            Plaintiff,<br><br>        v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>            Defendants. | No.  2:22-cv-1305-KJM-KJN PS<br><br>PRETRIAL SCHEDULING ORDER |

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE SANCTIONS, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

On January 31, 2023, the court conducted a pretrial scheduling conference in this matter.[1] Plaintiff appeared on his own behalf; attorney Nicole Cahill appeared on behalf of defendants. After considering the parties' joint status report (ECF No. 15) and the parties' representations at the scheduling conference, the court issues the following pretrial scheduling order.[2]

---

[1] This case was referred to the undersigned pursuant to Local Rule 302(c)(21).

[2] The court has made some modifications to the parties' proposed scheduling deadlines based on the court's own availability and case management needs.

1

NATURE OF THE CASE[3]

**Plaintiff's Statement of the Case**

In June 2020, plaintiff purchased a 2005 Toyota Scion from an individual who identified himself with an identification card as James Lahey and handed over the key, car, and entitling documentation to finalize the transaction.

On June 8, 2020, plaintiff was arrested at gun point and then jailed for taking a vehicle without consent and receiving stolen property. During the arrest, plaintiff states he informed the arresting officer, Deputy Sheriff M. McCune, from whom the Scion was purchased, but also described to him and clearly stated into the officer's body camera that plaintiff possessed the signed title of the Scion.

After the arrest, plaintiff's Scion and property within it were handed to an unknown [Sheriff's Office employee]. Plaintiff's multiple keys and necklace (recorded on Deputy Sheriff M. McCune's body camera) allegedly were not booked into plaintiff's property at the jail, came up missing, and were never returned to plaintiff. The amount of currency booked and returned to plaintiff is alleged to have been less than that the Sheriff's Office employee had taken. After release from jail, plaintiff alleges he showed up to the arraignment but he was not allowed into the courthouse. Plaintiff alleges that during his time in jail and afterward, he suffered from a range of emotional distress, including Post Traumatic Stress Disorder.

On October 15, 2020, plaintiff was arrested again for the same charges. Subsequently, plaintiff secured bail and was released after signing a declaration to attend all required judicial proceedings. Plaintiff appeared and alleges all charges were dismissed by the state court judge. Plaintiff alleges the prosecution failed to produce documentation or proof.

Plaintiff alleges that ever since his initial arrest on June 8, 2020, he has been subjected to intense stalking, harassment, additional due process, and civil rights violations that have extended through multiple counties.

///

---

[3] The court has modified the statement of the case slightly, omitting legal arguments and clarifying parts of the parties' assertions.

2

Plaintiff states in his portion of the joint statement that the action is brought for defendants' violations of the Fourth Amendment, conspiring to interfere with civil rights, wrongful and malicious prosecution, false imprisonment and arrest, unlawful detention, violation of procedural due process rights, unlawful taking of property, unreasonable search and seizure, and supervisory liability under 42 U.S.C. §§ 1983 and 1985.  Plaintiff also states in his portion of the joint statement that he alleges false imprisonment, negligence, emotional distress, and conversion under California State Law.  Plaintiff states he intends to bring each of his civil rights claims pursuant to official policies and customs, as he alleges defendants failed to adhere to certain policies prior to, during, and after his arrest/prosecution.  Plaintiff states that he cites 42 U.S.C. § 1985 for conspiracy to interfere with civil rights in his joint statement as relating to alleged violations of civil rights by other agencies, individuals, and corporations.  Plaintiff states that he asserts <u>Monell</u> liability and respondeat superior liability under California law (false imprisonment).[4]

**Defendants' Statement of the Case**

Defendants deny the claims and allegations made by plaintiff.  Defendants assert probable cause existed to arrest plaintiff on June 8, 2020.  Defendants argue plaintiff's complaint does not assert claims based on a subsequent arrest, nor does plaintiff's complaint assert a <u>Monell</u> claim against defendant County.[5]

JURISDICTION/VENUE

Jurisdiction and venue are undisputed, and are hereby found to be proper.

///

---

[4] The court notes that the First Amended Complaint names the County of Sacramento; Anne Marie Schubert (official capacity only); Scott R. Jones (official capacity only); and Matthew McCune (in his individual and official capacity), plus 50 doe defendants.
The court also notes the claims in the First Amended Complaint are stated as:  (I) 42 U.S.C. § 1983 for False Arrest/Wrongful Imprisonment under the Fourth Amendment against all "Public Entity Defendants"; (II) 42 U.S.C. § 1983 for Malicious Prosecution against "All Defendants"; (III) Intentional Infliction of Emotional Distress against "All Defendants"; and (IV) Supervisory Liability against "All Defendants."

[5] The court notes that no pre-answer motion was filed by defendants.

3

### SERVICE OF PROCESS/ JOINDER OF PARTIES/AMENDMENT OF PLEADINGS

All named defendants have been served. Defendants filed an answer to the complaint (ECF No. 6). Plaintiff filed an amended complaint within 21 days. (ECF No. 11.) Defendants filed an answer to the amended complaint. (ECF No. 14.) No further service, joinder of parties, or amendments to the pleadings is permitted except with leave of court, good cause having been shown.[6]

### INITIAL DISCLOSURES

To the extent that the parties have not already done so, they shall exchange initial disclosures no later than sixty days from the date of this order. Such disclosures shall include production of any documents and other items required by Rule 26(a)(1)(A)(ii) that are within a party's possession, custody, or control.

### DISCOVERY DEADLINES, PROCEDURES FOR DISCOVERY DISPUTES

All non-expert discovery shall be completed[7] by **September 13, 2023.** Any discovery-related motions must conform to the requirements of the Federal Rules of Civil Procedure and this court's Local Rules, including Local Rule 251. Judge Newman generally hears civil motions on Tuesdays at 9:00 a.m.

Prior to filing any discovery-related motions, the parties are required to meet and confer in good faith in an attempt to resolve their discovery disputes informally and without court intervention. Such meet and confer shall take place in person, or at a minimum, via a telephonic conference. The mere exchange of letters or e-mails alone is not sufficient. As part of their joint statement related to a discovery motion submitted pursuant to Local Rule 251, the parties shall also specifically outline: (a) what meet-and-confer efforts were undertaken; (b) when and where

---

[6] In the joint statement, plaintiff requested automatic leave to amend within six months to add additional defendants. This request is denied. Should plaintiff wish to add additional defendants or amend his claims, he is required to file a motion to amend and show good cause under Fed. R. Civ. P. 15.

[7] "Completed" means (1) all discovery shall have been conducted so that all depositions have been taken and (2) any disputes related to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

such discussions took place; (c) who was present; and (d) how the parties' disputes were narrowed as a result of such discussions. Failure to comply with these requirements may result in summary denial of any discovery motion.

The court strongly encourages the use of informal telephonic discovery conferences in lieu of formal discovery motion practice. The procedures and conditions for requesting and conducting such an informal telephonic discovery conference are outlined in Judge Newman's "Order re: Informal Telephonic Conferences re: Discovery Disputes," posted on [Judge Newman's page on the court's website](#). Additionally, subject to the court's availability, the court will endeavor to make itself available to rule on disputes encountered at oral depositions, so as to avoid such depositions from breaking down. In the course of the deposition, the parties may contact Judge Newman's courtroom deputy clerk at (916) 930-4187 to inquire about Judge Newman's availability. However, the parties are cautioned that these informal procedures are not to be abused, and the court may impose appropriate sanctions on an offending party or parties, even in the course of informal discovery conferences.

EXPERT DISCLOSURES AND DISCOVERY

The parties shall disclose any expert witnesses in accordance with the specifications of Federal Rule of Civil Procedure 26(a)(2) no later than **November 13, 2023**. Any rebuttal expert disclosures shall be made in accordance with the same rule no later than **December 13, 2023**. Expert disclosures shall be filed with the court and served on all other parties. All expert discovery shall be completed (see fn. 3) by **February 12, 2024**. The same procedures for fact-discovery disputes applies to expert disputes.

An expert witness not timely disclosed will not be permitted to testify unless the party offering the witness demonstrates that: (a) the necessity of the witness could not have been reasonably anticipated at the time that the expert disclosures were due; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) the witness was promptly proffered for deposition. Failure to provide the information required by Federal Rule of Civil Procedure 26(a)(2) along with the expert disclosures may lead to preclusion of the expert's testimony or other appropriate sanctions.

LAW AND MOTION

All law and motion, except as to the earlier deadlines for discovery-related matters, shall be completed (i.e. heard) by **April 9, 2024**. The parties are cautioned to refer to the Local Rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar, including Local Rule 230. Judge Newman generally hears civil motions on Tuesdays at 9:00 a.m. This paragraph does not preclude motions for continuances, motions in limine related to trial, temporary restraining orders, or other emergency applications, for which the court may set a special briefing schedule, if necessary or appropriate.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. The purpose of law and motion is to narrow and refine the legal issues raised by the case, as well as to dispose of those issues that are susceptible to resolution without trial by pretrial motion. To accomplish that purpose, the parties shall identify and fully research the issues presented by the case, then examine those issues in light of the evidence obtained through discovery. If, after examining the legal issues and facts, it appears to the parties an issue can be resolved by pretrial motion, counsel are to file the appropriate motion consistent with the law and motion deadlines above. Conversely, motions in limine are procedural devices designed to address the admissibility of evidence. THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED UNDER THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

FINAL PRETRIAL CONFERENCE/TRIAL SETTING

Defendants request a jury trial. The final pretrial conference and jury trial will take place before the assigned district judge, the Hon. Chief Judge Kimberly J. Mueller. Pursuant to Judge Mueller's Standing Scheduling Order for Civil Cases, the undersigned declines to set pretrial conference and trial dates at this time. Instead, Judge Mueller will set a final pretrial conference date after the resolution of any dispositive motions (or passage of the dispositive motion cutoff), with trial dates being determined at the pretrial conference. Trials typically begin within 60 to 120 days from the date of the pretrial conference, so the parties should be available for trial accordingly, and should be prepared to confirm trial dates at the final pretrial conference.

OBJECTIONS

Any objections to this pretrial scheduling order shall be filed within seven (7) days.

SETTLEMENT CONFERENCE

Should the parties wish to conduct a settlement conference with a magistrate judge, they are to contact the undersigned's courtroom deputy to inquire about the availability of a magistrate judge for a settlement conference.

MODIFICATION OF THIS SCHEDULING ORDER

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this order shall not be modified except by leave of court upon a showing of "good cause." See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992). Mere agreement by the parties pursuant to a stipulation does not constitute good cause, nor does the unavailability of witnesses or counsel, except in extraordinary circumstances.

Dated:  February 1, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

iliy.1305