UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAUDA ILIYA, | No. 2:22-cv-1305-KJM-KJN PS |
| Plaintiff, | ORDER |
| v. | (ECF No. 25.) |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Presently before the court is plaintiff's second motion for an extension of time on the discovery deadlines in this case.[1] (ECF No. 25.) Defendants oppose further extensions, and plaintiff supplemented his arguments in a reply brief. (ECF Nos. 27, 28.)

For the reasons that follow, plaintiff's request is denied. Thus, fact discovery is now closed, and the parties shall proceed to the next phases of the case, as defined by the January 2023 pretrial scheduling order and as supplemented by the court's September 15, 2023 minute order.

///
///
///
///

---

[1] This case was referred to the undersigned pursuant to Local Rule 302(c)(21).

1

**Background**

Plaintiff has brought this suit against defendants County of Sacramento; Anne Marie Schubert (official capacity only); Scott R. Jones (official capacity only); and Matthew McCune (in his individual and official capacity), plus 50 doe defendants. He asserts claims under 42 U.S.C. § 1983 for false arrest, malicious prosecution, and Monell, plus one state law claim, all relating to his arrest for allegedly receiving stolen property in 2020. (ECF No. 11.) Defendants deny these claims. (ECF No. 14.)

The court held a scheduling hearing on January 31, 2023 and issued a scheduling order the following day. (ECF Nos. 17, 18.) The scheduling order stated that fact discovery needed to be completed by September 13, 2023; that expert designations be filed by November 13, 2023 (with rebuttal experts due December 13, 2023), that expert discovery be completed by February 12, 2024, and that law and motion be completed (i.e. heard) by April 9, 2024. (ECF No. 18.) The court defined "completed" as meaning: "(1) all discovery shall have been conducted so that all depositions have been taken and (2) any disputes related to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with." (Id.)

In August, plaintiff hand delivered to defense counsel's office his requests for police records; defendants responded to these requests. (See ECF No. 27-1 at ¶¶ 4, 5.) On September 6, plaintiff requested an extension of time to complete discovery, citing among other things his financial hardship and multiple deaths in his family. (ECF No. 20.) The court ordered a response from defendants, who did not oppose a five month extension but indicated they would oppose future requests without a showing of diligence on plaintiff's part. (ECF No. 22.) Given this, the court ordered that fact discovery was to be completed by February 13, 2024, expert witness be designated by April 12, 2024, rebuttal expert be disclosed by May 13, 2024, expert discovery be completed by July 12, 2024, and law and motion be filed by August 6, 2024 and completed (i.e. heard) by September 10, 2024. (ECF No. 23.) The court also stated that "[f]urther extensions of time are unlikely to be granted without a showing of diligence on the part of plaintiff in moving his case forward." (Id.)

On February 13, 2024, plaintiff filed his second request for an extension of time. Therein, plaintiff noted his previous financial issues had resolved, but he still needed more time to conduct discovery. He stated he has "undergone strenuous effort with the intent to meet necessary requirements for the advancement of the case," although he does not say what those efforts are. Plaintiff also lodges accusations that border on the conspiratorial, citing an alleged robbery and a police encounter that he contends was directed by defendants. Plaintiff requests a 3 month extension of all deadlines. (ECF No. 25.)

Defendants oppose any further extensions, arguing a lack of good cause and lack of diligence on plaintiff's part. Counsel noted their previous production of responsive documents in the fall of 2023, as well as their propounding of discovery on plaintiff before that time. Counsel asserted that between September 14 and February 12, plaintiff served no additional discovery on any defendant. Instead, on February 12, 2024, plaintiff emailed defense counsel's office requesting they stipulate to another extension of time; defense counsel replied and declined. On February 13—the day fact discovery closed—plaintiff emailed two documents that defense counsel asserts "purported to be interrogatories and requests for production of documents." However, counsel noted these documents were directed at the City of Sunnyvale and other Sunnyvale individuals who are not parties to this case. Counsel asserts defendants have multiple objections to plaintiff's documents, and resolution of these requests would require "substantial meet and confer efforts between the parties in order to generate appropriate responses." Finally, defendants deny the conspiratorial aspects of plaintiff's brief. (See ECF Nos. 27 and 27-1.)

Plaintiff filed a reply brief indicating he attempted to secure counsel in this matter but could not. Plaintiff also argues the merits of his case, provides more details about the robbery and the other police encounter in the City of Newark (which he connects to defendants in a conclusory manner), and appears to attempt to assert a claim under 42 U.S.C. § 1986 (though no such claim exists in his complaint). Plaintiff otherwise reasserts arguments made in his moving brief. Despite all this, plaintiff asserts no additional facts to indicate he served any discovery beyond what has been indicated above. (ECF No. 28.)

///

**Legal Standard**

"District courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (citations omitted). Rule 16 requires "a magistrate judge when authorized by local rule [to] issue a scheduling order after receiving the parties' report under Rule 26(f); or after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference." Fed. R. Civ. P. 16(b)(1)(A-B). The Rule also states "[a] schedule may be modified only for good cause and with the judge's consent." Rule 16(b)(4).

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment—that the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Relevant inquiries into diligence include: (1) whether the movant was diligent in helping the court to create a workable Rule 16 order, (2) whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment, and (3) whether the movant was diligent in seeking amendment once the need to amend became apparent." See United States ex rel. Terry v. Wasatch Advantage Grp., LLC, 327 F.R.D. 395, 404 (E.D. Cal. 2018). Additionally, the Ninth Circuit has noted:

> [C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.

Mammoth Recreations, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 notes to 1983 amendment)); see also 6A Fed. Prac. & Proc. Civ. § 1522.2 (3d ed.) ("[N]eglect or inadvertence will not constitute good cause supporting modification."). Thus, if the party seeking to amend the scheduling order fails to show diligence, the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002); see also Rodriguez v. Beard, 2016 WL 6393755, at *1 (E.D. Cal. Oct. 28, 2016) ("The Court has wide discretion to extend time, provided a party demonstrates some justification for the issuance of the enlargement order.") (citations omitted).

4

**Analysis**

Here, the undersigned finds that plaintiff has failed to demonstrate diligence. Based on the record, it appears plaintiff has attempted to serve discovery on defendants only twice in this case: first just weeks before the closure of the original fact deadline, and second on the day of the extended fact deadline. Defendants responded to the first set of documents, but note the considerable errors with plaintiff's second set of documents. As stated in the original pretrial scheduling order, completion of fact discovery does not just mean delivery of the documents to the opposing party, but also resolution of any disputes. (See ECF No. 18 at 4, fn. 7.) Plaintiff's service of documents on the day discovery closes—directed at individuals and entities who are not a party to the case—does not provide for such resolution. Further, plaintiff's waiting until the day before the deadline to request a stipulated extension with defendants does not meet the diligence standard, nor does his motion before this court—filed on the day fact discovery closes. Finally, plaintiff's conspiratorial allegations are legally conclusory and do not warrant further comment.

The court previously warned plaintiff that further extensions were unlikely to be granted without a showing of diligence, and plaintiff's moving brief and reply brief fail to show diligence. Terry, LLC, 327 F.R.D. at 404. Instead, it appears the past five months went by without any action by plaintiff to move his case forward, indicating carelessness; defendants would be prejudiced by any further extension of the fact deadline, given their own diligence in defending their case, the passage of time, and plaintiff's inattention to serving his own discovery on defendants. Mammoth Recreations, 975 F.2d at 609. Given this, the inquiry is at an end. Zivkovic, 302 F.3d at 1087 (9th Cir. 2002).

**ORDER**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to for an extension of the discovery deadlines (ECF No. 25) is DENIED; and
2. The other deadlines (see ECF No. 23) remain in effect, as follows: Expert Witness Designations are due no later than 4/12/2024, and any rebuttal expert disclosures are due

no later than 5/13/24.  All expert discovery shall be completed by 7/12/24.  All law and motion shall be filed by 8/6/2024 and completed (i.e. heard) by 9/10/24.  Further extensions of these deadlines are unlikely to be granted without a showing of diligence on the part of plaintiff in moving his case forward.

Dated:  March 12, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

iliy.1305