UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAUDA ILIYA,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>    Defendants. | No. 2:22-cv-1305-KJM-CSK PS<br><br>ORDER DENYING PLAINTIFF'S MOTION CONTESTING MAGISTRATE JUDGE JURISDICTION<br><br>(ECF No. 30.) |

    Plaintiff Dauda Iliya, who proceeds without the aid of counsel, filed his complaint in July 2022 against the County of Sacramento and three individual defendants. (ECF No. 1 (Compl.).) Given that Plaintiff proceeds without counsel, the case was referred to the assigned magistrate judge pursuant to 28 U.S.C. § 636, Federal Rule of Civil Procedure 72, and Local Rule 302(c)(21). Under the Local Rule referral, the magistrate judge is to resolve all non-dispositive matters by order, and all dispositive matters by findings and recommendations. Currently pending before the Court is Plaintiff's motion contesting the jurisdiction of the magistrate judge. (ECF No. 30.)

    On January 31, 2023, the assigned magistrate judge held an initial scheduling conference with Plaintiff and defense counsel. (ECF No. 17.) After this scheduling conference, the magistrate judge issued a scheduling order for this case, requiring the completion of fact discovery by September 13, 2023, expert discovery by November 13,

1

2023, and law and motion by April 9, 2024. (ECF No. 18 (2/1/2023 Pretrial Scheduling Order).) On September 6, 2023— one week before the close of fact discovery— Plaintiff filed a motion to extend the case deadlines, including discovery deadlines, for five months, which Defendants did not oppose. (ECF Nos. 20, 22.) The magistrate judge granted Plaintiff's motion, extending the deadlines as follows: fact discovery completion by February 13, 2024; expert discovery completion by July 12, 2024; and law and motion filed by August 6, 2024 and heard by September 10, 2024. (ECF No. 23 (9/15/2023 Order Granting Pl. Extension of Time).) The Court expressly warned Plaintiff that "[f]urther extensions of time are unlikely to be granted without a showing of diligence on the part of plaintiff in moving his case forward." (*Id*.)

Five months later, on the date set for fact discovery completion (February 13, 2024), Plaintiff filed a second motion to extend the discovery deadlines for three months. (ECF No. 25.) Defendants opposed the request (ECF No. 27) and Plaintiff submitted a reply (ECF No. 28). The magistrate judge denied Plaintiff's second request to extend because Plaintiff failed to demonstrate diligence. (ECF No. 29 (3/12/2024 Order Denying Pl. Extension of Time).) After the Court's denial, Plaintiff filed the underlying motion contesting magistrate judge jurisdiction. (ECF No. 30.) This case was subsequently reassigned to the undersigned on April 2, 2024. (ECF No. 31.)

In the motion[1], Plaintiff now contests the jurisdiction of the magistrate judge to enter all prior orders, requesting "to nullify all prior proceedings and orders made by any magistrate judge[.]" (ECF No. 30.) In his motion, Plaintiff focuses on the text of, among other things, Local Rule 302(c)(21) and 28 U.S.C. § 636(c). On April 10, 2024, Defendants filed their opposition. (ECF No. 32.)

Local Rule 302(c)(21) refers all non-dispositive motions to a magistrate judge in cases where all plaintiffs or all defendants are proceeding in propria persona. This local

---

[1] It is significant to note that Plaintiff did not contest magistrate judge jurisdiction when he participated in the initial scheduling conference with the magistrate judge, in response to the pretrial scheduling order issued by the magistrate judge, or after the magistrate judge granted his first request for an extension of case deadlines.

rule is based on 28 U.S.C. § 636(b)(1)(A), which expressly authorizes the determination of non-dispositive pretrial matters by a magistrate judge, and the Ninth Circuit has consistently upheld this allocation of judicial resources. *See S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1259 (9th Cir. 2013) ("[A] district judge may designate a magistrate judge to hear any nondispositive pretrial matter pending before the court.") (quoting *Estate of Conners ex rel. Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir.1993)); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1118 (9th Cir. 2003) (en banc) (reminding that "certain matters (for example, non-dispositive pretrial matters) may be referred to a magistrate judge for decision, while certain other matters (such as case-dispositive motions [and] petitions for writs of habeas corpus) may be referred only for evidentiary hearing, proposed findings, and recommendations"); *Agamerica v. Mann Farms, Inc.*, 211 F.3d 1272 (9th Cir. 2000) ("The district court violated neither 28 U.S.C. § 636, nor the local rules, when it referred the case to a magistrate judge without the appellants' consent."); *see also* Fed. R. Civ. P. 72(a) (magistrate judge to resolve non-dispositive matters that are referred to the magistrate judge).

      Plaintiff's motion contesting magistrate judge jurisdiction is a non-dispositive pretrial motion because its resolution does not dispose of any claims or issues in the case, and as such, is properly decided by the undersigned. *See, e.g., Dy v. Nale*, 772 F. App'x 558, 559 (9th Cir. 2019) (noting magistrate judge's authority to enter the non-dispositive transfer order because it does not dispose of a claim or defense) (citing *Flam v. Flam*, 788 F.3d 1043, 1046-47 (9th Cir. 2015)); *Peck v. United States*, 2011 WL 3876044, at *2 (E.D. Cal. Sept. 1, 2011) (construing pro se plaintiff's motion concerning the authority of the magistrate judge as one for recusal, and noting the magistrate judge's authority to resolve such a motion); *see also* 28 U.S.C. § 636(b)(1)(A) (noting the kinds of dispositive matters not available for resolution by a magistrate judge without the consent of the parties includes motions "for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant"); Fed. R. Civ. P. 72(a); L.R. 302(c)(21).

Here, all the prior proceedings before a magistrate judge and every order entered by a magistrate judge to date have been on non-dispositive pretrial matters, such as scheduling and the exchange of initial disclosures. (*See* Docket.) As such, all the prior proceedings before a magistrate judge and every order entered by a magistrate judge were properly within the magistrate judge's jurisdiction. *See* 28 U.S.C. § 636(b)(1)(A); *CMKM Diamonds*, 729 F.3d at 1259; *Reyna-Tapia*, 328 F.3d at 1118; *Turner v. Zepp*, 2021 WL 4147141, *2 (E.D. Cal. Sept. 13, 2021) (noting case scheduling falls under the kinds of non-dispositive matters to be decided by the magistrate judge via order); *Raiser v. City of Temecula*, 2022 WL 1837078, *2 (C.D. Cal April 28, 2022) (same); *Alve v. Montgomery*, 2014 WL 3950665, *2 (S.D. Cal. Aug. 11, 2014) (same); *Olmos v. Ryan*, 2012 WL 1580555, *4 (D. Az. May 4, 2012) (same);

Accordingly, Plaintiff's motion regarding the jurisdiction of the magistrate judge (ECF No. 30) is DENIED. Within fourteen days after being served with this order, any "party may serve and file objections to the order." Fed. R. Civ. P. 72(a). "A party may not assign as error a defect in the order not timely objected to." *Id*. The district judge reviews only timely objections and conducts its review under a clearly erroneous or contrary to law standard. *Id*.; *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

Dated:  April 22, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

3, iliy.1305