UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAUDA ILIYA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | Case No. 2:22-cv-1305-KJM-CSK PS<br><br>ORDER<br><br>(ECF Nos. 34, 35, 36.) |

Presently before the Court are three motions filed on May 10, 2024 by Plaintiff Dauda Iliya: a "motion to modify scheduling order" (ECF No. 34); a motion for permission to e-file documents (EFC No. 35); and a motion for extension of time to file an appeal (ECF No. 36). Plaintiff also separately filed a notice of appeal. (ECF No. 37.) On May 22, 2024, the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction. (ECF No. 42.) On May 24, 2024, Defendants County of Sacramento et al. filed opposition briefs to the motion to modify the scheduling order (ECF No. 43) and motion for extension of time (ECF No. 44) but filed a statement of non-opposition to Plaintiff's request for e-filing privileges (ECF No. 45).[1]

///

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(21).

1

## I. Scheduling Order

A brief summary of the procedural history of this case is necessary to review Plaintiff's motion to modify scheduling order (ECF No. 34), the Court begins by briefly recounting the procedural history of this case.

The Court issued a scheduling order on February 1, 2023, closing fact discovery on September 13, 2023. (ECF No. 18.) In August 2023, Plaintiff hand delivered a discovery request to defense counsel's office, and Defendants responded. (ECF No. 27-1 at ¶¶ 4, 5.) On September 6, 2023, Plaintiff requested an extension of time to complete discovery, citing among other things his financial hardship and multiple deaths in his family. (ECF No. 20.) The Court ultimately ordered fact discovery was to be completed by February 13, 2024, and warned that further extensions of time were unlikely to be granted without a showing of diligence on Plaintiff's part. (ECF No. 23.) On February 13, 2024, Plaintiff filed his second request for an extension of the discovery deadlines (ECF No. 25), which Defendants opposed (ECF No. 27). The Court denied further extensions, noting Plaintiff's lack of diligence, failure to raise the issue with the Court until the day fact discovery closed, and failure to heed the Court's prior warnings. (ECF No. 29.)

Plaintiff now requests more time for discovery "in light of recent developments regarding the Defendants' claim of non-receipt" of previously-propounded requests for production of documents and interrogatories. (ECF No. 34.) Plaintiff contends Defendants represented to him that his discovery requests were not delivered by mail. (*Id.*) Defendants dispute this contention, noting they never made such a claim. (ECF No. 43.) Instead, Defendants cite their objections to the untimely service of the discovery requests. (*Id.*) Defendants' exhibits support this assertion. (ECF No. 27-1 at 4 (Pl. February 13, 2024 email serving discovery requests); ECF No. 43-1 (Def's response to the discovery requests, objecting on grounds that the requests were not timely served).)

To the extent Plaintiff requests further modification of the scheduling order under Rule 16(b)'s "good cause" standard, this request is denied for the same reasons as stated in the Court's March 12, 2024 order. (ECF No. 29.) *See Johnson v. Mammoth*

*Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (reminding that good cause primarily considers the diligence of the party seeking the amendment).

To the extent Plaintiff's current request is intended to be a motion for reconsideration, this motion is denied. A court may properly reconsider its decision if it (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). The choice to reconsider an order is left to the discretion of the court. *See Id.* "A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision." *Brookins v. Hernandez*, 2020 WL 1923211, at *1 (E.D. Cal. Apr. 21, 2020); *see also* Local Rule 230(j) (requiring a party seeking reconsideration to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what grounds exist for the motion"). Here, Plaintiff presents no new or different facts or circumstances "of a strongly convincing nature" that did not exist when he filed his second motion for extension of time in February 2024. *Brookins*, 2020 WL 1923211 at *1. Even assuming Plaintiff's discovery requests were lost in the mail (*see* ECF No. 40), they still would have been late as they needed to be served well before the close of the fact discovery deadline. Nor has he met the clear error, manifest injustice, or intervening change in the law standards. *See Smith*, 727 F.3d at 955. Thus, Plaintiff's request is denied.

## II.     E-filing Privileges

Next, Plaintiff request permission to e-file documents in this case. (ECF No. 35.) Plaintiff notes his travel time to file in person in the Court, the ease of use of the e-filing system, and a technical proficiency. (*Id.*) The Local Rules are clear that "any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." *See* Local Rule 133(b)(2).  Plaintiff's motion for electronic case filing does not provide good cause for deviance from this Local Rule. Thus, Plaintiff's motion to e-file is denied with respect to utilizing the CM/ECF system to

file documents. Plaintiff will continue to file paper documents with the Court through conventional means.

However, the Court is amenable to allowing Plaintiff to receive service of documents by electronic means. Should he wish to take advantage of this, Plaintiff may file a request with the Clerk of Court to receive service of documents at his email address. If Plaintiff files such a request, the Clerk is directed to configure Plaintiff's account so that he will receive immediate email notifications when documents are filed in the case. In doing so, Plaintiff will consent to receive service of documents electronically and will waive the right to receive service by first class mail under FRCP 5(b)(2)(D).

### III.     Notice of Appeal

Finally, Plaintiff filed a "motion for extension of time to file a notice of appeal." (ECF No. 36.) It is unclear what order Plaintiff intended to appeal. However, on the same date he filed this motion, Plaintiff filed an actual notice of appeal. (ECF No. 37.) The Ninth Circuit processed this notice, assigned a case number, and ultimately dismissed the appeal for lack of jurisdiction. (ECF Nos. 38, 39, 42.) Thus, Plaintiff's request for an extension of time to file a notice of appeal is denied as moot.

### **ORDER**

Accordingly, the Court ORDERS:

1. Plaintiff's "motion to modify scheduling order" (ECF No. 34) is DENIED;
2. Plaintiff's motion for permission to e-file documents (EFC No. 35) is DENIED;
3. Plaintiff may submit a request to the Clerk of Court to allow for electronic service by email, as instructed above; and
4. Plaintiff's motion for extension of time to file an appeal (ECF No. 36) is DENIED.

Dated:  May 30, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

3, iliy.1305

4