UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAUDA ILIYA,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>  Defendants. | Case No. 2:22-cv-1305-KJM-CSK PS<br><br>ORDER DENYING MOTION TO COMPEL AND WARNING OF SANCTIONS<br><br>(ECF No. 48) |

Presently before the Court is a motion to compel discovery responses filed on August 1, 2024 by Plaintiff Dauda Iliya. Pl. Mot. (ECF No. 48.)[1] Plaintiff seeks a court order compelling Defendants County of Sacramento, Anne Marie Schubert, Scott R. Jones, and Matthew McCune to respond to Plaintiff's first set of interrogatories, requests for production of documents, and requests for admissions. *Id.* Plaintiff asserts these discovery requests were served on Defendants on February 13, 2024. *Id.* at 5.

This is Plaintiff's third attempt at requesting a court order on this subject. For the reasons previously stated and as restated below, Plaintiff's motion to compel is DENIED. Further, Plaintiff is warned that continued filings disregarding the Court's orders will be met with sanctions, which could include dismissal of his case with prejudice.

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(21).

1

## I. DISCUSSION

On February 1, 2023, the Court issued a scheduling order that closed fact discovery on September 13, 2023. (ECF No. 18.) On September 6, 2023, Plaintiff requested an extension of time to complete discovery. (ECF No. 20.) The Court granted this motion, ordered fact discovery was to be completed by February 13, 2024, and warned that further extensions of time were unlikely to be granted without a showing of diligence on Plaintiff's part. (ECF No. 23.)

On February 13, 2024, Plaintiff filed his second request for an extension of the discovery deadlines. (ECF No. 25.) The same day, Plaintiff emailed requests for interrogatories and production of documents to defense Counsel. (*See* ECF No. 27 at 3.) Defendants opposed further extensions of time. (ECF No. 27.) On March 12, 2024, the Court issued an order denying further extensions of time, noting Plaintiff's lack of diligence in pursuing discovery, failure to raise the issue of the unanswered discovery requests with the Court until the day fact discovery closed, and failure to heed the Court's prior warnings. (ECF No. 29.)

On May 10, 2024, Plaintiff again moved to modify the scheduling order, asserting he had not received responses from Defendants regarding discovery. (ECF No. 34.) Defendants opposed this second request and cited their objections to the untimely service of the discovery requests. (ECF No. 43.) The Court denied Plaintiff's third request to modify the scheduling order for the same reasons as stated in the Court's March 12, 2024 order. (*Id.*) In doing so, the Court noted Plaintiff's February 13, 2024 discovery requests were not timely served, as they needed to be sent to Defendants well before the close of the fact discovery deadline. (*Id.*)

Inexplicably, Plaintiff has now filed a motion to compel responses to his untimely discovery requests despite multiple orders informing Plaintiff that fact discovery has been closed since February 13, 2024, and that any discovery disputes needed to be raised well in advance of that deadline. Plaintiff did not meet the "good cause" standard for a modification of the scheduling order in his previous requests. *See Johnson v.*

*Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Nothing has changed regarding this issue. Discovery is closed, and so Plaintiff's motion to compel is denied.

Further, Plaintiff is warned that continued failure to heed the Court's orders and seek discovery when discovery is closed will result in sanctions, which may include dismissal sanctions. Under Rule 41, a court may dismiss an action for failure to comply with the Federal Rules of Civil Procedure, the court's local rules, or any order of the court. Fed. R. Civ. P. 41(b). This Court's Local Rules are in accord. *See* E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the federal rules, local rules, or other applicable law may support dismissal of that party's action). The court may act on its own accord in exercising this authority. *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)).

## ORDER

Accordingly, the Court DENIES Plaintiff's motion to compel (ECF No. 48). Further, the Court WARNS that sanctions will issue if Plaintiff continues to attempt to seek discovery or alter the discovery schedule in this case.

Dated:  August 7, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

3, iliy.1305