UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAUDA ILIYA, | Case No. 2:22-cv-01305 DC CSK |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL AND MOTION TO TRANSFER VENUE |
| COUNTY OF SACRAMENTO, et al., | |
| Defendant. | (ECF Nos. 52, 61) |

Plaintiff Dauda Iliya proceeds in this action without counsel.[1] Pending before the Court is Plaintiff's motion for recusal of the undersigned and Plaintiff's motion to transfer venue due to alleged judicial bias. Pl. Mot. Recusal (ECF No. 61); Pl. Mot. Venue (ECF No. 52). Defendants County of Sacramento; Anne Marie Schubert, in her official capacity as District Attorney for Sacramento County; Scott R. Jones, in his official capacity as Sheriff for Sacramento County Sheriff's Department; and Matthew McCune, Deputy Sheriff of Sacramento County oppose both motions. Defs. Opp'n Recual (ECF No. 64); Defs. Opp'n Venue (ECF No. 57). Plaintiff filed a reply to Defendants' opposition to Plaintiff's motion to change venue. (ECF No. 60.)

/ / /

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

For the reasons that follow, the Court orders that Plaintiff's motion for recusal is DENIED and Plaintiff's motion to transfer venue is DENIED.

## I.    PLAINTIFF'S MOTION FOR RECUSAL

### A.    Legal Standard

Federal law allows a judge to recuse from a matter based on a question of partiality, personal bias or prejudice concerning a party, or personal knowledge or disputed evidentiary facts concerning a proceeding. 28 U.S.C. § 455(a), (b)(1). A party may seek recusal of a judge based on bias or prejudice if the party makes and files a timely and sufficient affidavit stating the facts and reasons for the belief that bias or prejudice against them exists. 28 U.S.C. § 144.

Relief under Section 144 is conditioned upon the filing of a timely and legally sufficient affidavit. A judge who finds the affidavit legally sufficient must proceed no further under Section 144 and must assign a different judge to hear the matter. *See id.*; *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Nevertheless, where the affidavit lacks sufficiency, the judge at whom the motion is directed can determine the matter and deny recusal. *See United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999); (citing *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988)); *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995) (if the affidavit is legally insufficient, then recusal can be denied).

The standard for legal sufficiency under Sections 144 and 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) (quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983)); *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source. *Sibla*, 624 F.2d at 868-89. A judge's previous adverse ruling alone is not sufficient for recusal. *Nelson*, 718 F.2d at 321.

///

B. Discussion

Plaintiff brings his motion for recusal under 28 U.S.C. §§ 144 and 455. Plaintiff's motion is based on various rulings made by the undersigned related to denial of Plaintiff's request to e-file documents, denial of Plaintiff's multiple requests to extend the discovery deadline and compel discovery, and alleged threats of dismissal for routine filings.[2] *See* Pl. Mot. Recusal at 3-4. Defendants oppose the motion. Defs. Opp'n Recusal.

Plaintiff filed a request to e-file documents, which was denied under this District Court's Local Rules. However, Plaintiff was given the opportunity to receive service of documents by electronic means. (ECF No. 46.) Plaintiff evidently did not take advantage of this opportunity. *See* Defs. Opp'n Recusal at 2-3. Plaintiff has also previously filed three requests to extend discovery, and a motion to compel discovery. (ECF Nos. 20, 25, 34, 48.) The first request for extension of time to complete discovery (filed one week before discovery was scheduled to close) was granted. (ECF No. 23.) The next two requests for extension of the discovery deadlines were denied, in part, because Plaintiff was not diligently pursuing discovery. (ECF Nos. 29, 46.) Months later, Plaintiff filed a motion to compel discovery responses, which was denied. (ECF No. 51.) Plaintiff was also warned that continued attempts to seek discovery or change the discovery schedule would result in sanctions. *Id.*

To the extent Plaintiff alleges bias, prejudice and impartiality based on previous rulings against Plaintiff, the motion for recusal is substantially insufficient. *See* Pl. Mot. Recusal. The motion fails to allege facts to support a contention that the undersigned has exhibited bias or prejudice directed towards Plaintiff from an extrajudicial source. *See Sibla*, 624 F.2d at 868; *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *id.* ("In and of themselves . . . [judicial rulings] cannot possibly show reliance upon an

---

[2] Plaintiff also filed a motion contesting magistrate judge jurisdiction in March 2024, which was denied. (ECF No. 33.)

3

extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal."); *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) ("[Plaintiff's] allegations stem entirely from the district judge's adverse rulings. That is not an adequate basis for recusal.").

Plaintiff also states that the undersigned "made prejudicial comments on the record, including unjustified threats to dismiss the case with prejudice." Pl. Mot. Recusal at 4. The Court clarifies that dismissal of a case "with prejudice" is a legal term that means the case cannot be refiled. It is not an indication of prejudice against a particular party.

Thus, Plaintiff's allegations are not extrajudicial, do not provide a basis for recusal, and result in denial of his motion.

## II. PLAINTIFF'S MOTION TO TRANSFER VENUE

### A. Legal Standard

The general federal venue statute pursuant to 28 U.S.C. § 1391(b) provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." If a court determines the appropriate venue for a case lies in another division or district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Even if venue is proper, a court may transfer an action to another district under 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice."

/ / /

**B.     Discussion**

Plaintiff filed a motion to transfer this case to the Northern District of California, Oakland Division under 28 U.S.C. § 1404(a), arguing a change of venue is necessary "to preserve the integrity of these proceedings and to ensure a fair and impartial adjudication of this matter." Pl. Mot. Venue at 1. Plaintiff alleges that changing venue is appropriate "in the interest of justice" due to judicial bias, for essentially the same reasons as his motion for recusal. Pl. Mot. Venue at 4-6. Plaintiff also argues that his address is located closer to the Northern District of California. *Id.* at 4. Defendants oppose the motion, arguing that the Northern District of California is an improper venue, and changing the venue at this time would prejudice Defendants. Defs. Opp'n Venue at 3.

While Plaintiff lists in his First Amended Complaint ("FAC") that his current address is in Sunnyvale, California (FAC at 2 (ECF No. 11)), Plaintiff chose to file his case in the Eastern District of California and states that he "often still resides in the County of Sacramento." *Id.* In his FAC, Plaintiff states that the venue is proper in the Eastern District of California because the matters took place entirely in this district. FAC at 2. All Defendants are also located in this district in Sacramento, California. *See* FAC at 2-3. Therefore, venue is proper in the Eastern District of California. *See* 28 U.S.C. § 1391(b). Additionally, for the reasons stated above, Plaintiff has not shown judicial bias or prejudice. Thus, Plaintiff's motion to transfer venue is DENIED.

In his motion to transfer venue, Plaintiff also requests reconsideration of all previously denied motions. Pl. Mot. Venue at 10. This request is denied. A court may properly reconsider its decision if it (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). The choice to reconsider an order is left to the discretion of the court. *See id.* "A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision." *Brookins v.*

5

*Hernandez*, 2020 WL 1923211, at *1 (E.D. Cal. Apr. 21, 2020); *see also* Local Rule 230(j) (requiring a party seeking reconsideration to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what grounds exist for the motion"). Here, Plaintiff presents no new or different facts or circumstances "of a strongly convincing nature" that did not exist when he filed the previously denied motions. *See Brookins*, 2020 WL 1923211, at *1. Nor has he met the clear error, manifest injustice, or intervening change in the law standards. *See Smith*, 727 F.3d at 955. Thus, Plaintiff's request is DENIED.

### III.  CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for recusal of the undersigned (ECF No. 61) is DENIED; and
2.  Plaintiff's motion to transfer venue (ECF No. 52) is DENIED.

Dated:  February 12, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, iliy.1305.22