UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAUDA ILIYA,<br><br>            Plaintiff,<br><br>     v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>            Defendant. | No.  2:22-cv-01305-DC-CSK (PS)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION<br><br>(ECF Nos. 49, 68, 71, 72, 76) |

Plaintiff is proceeding *pro se* in this matter, which was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 18, 2025, the magistrate judge filed findings and recommendations (ECF No. 68) recommending that Defendants' motion for summary judgment (ECF No. 49) be granted. Those findings and recommendations were served on the parties and contained notice that any objections to the findings and recommendations were to be filed within fourteen (14) days.

On March 10, 2025, Plaintiff filed untimely objections to the findings and recommendations (ECF No. 70), including objecting that the claims against Defendant Scott R. Jones in his official capacity as the prior Sheriff for Sacramento County are not duplicative; dismissal of the 42 U.S.C. § 1983 claims is premature; dismissal of Defendant Anne Marie Schubert in her official capacity as the prior District Attorney for Sacramento County was improper because Plaintiff's allegations could demonstrate she acted outside of her prosecutorial

1

1  duties; there are issues of material fact about the accuracy of the stolen vehicle report related to
2  the false arrest claim; not all components of and allegations related to the malicious prosecution
3  and supervisory liability claims were addressed; and more facts are necessary to develop the
4  intentional infliction of emotional distress claim. Defendants filed a reply to Plaintiff's objections.
5  (ECF No. 73.) The Court has considered Plaintiff's objections and finds that none of them
6  provide a basis upon which to reject the findings and recommendations that Defendants' motion
7  for summary judgment be granted.
8       In accordance with 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review.
9  The Court has carefully reviewed the file, including Plaintiff's objections, and finds the findings
10  and recommendations are supported by the record and by proper analysis.
11       Plaintiff also filed an untimely motion to file a third opposition to Defendants' motion for
12  summary judgment (ECF No. 71) and a motion for leave to file a third amended complaint (ECF
13  No. 72) on March 10, 2025. Because the Court is adopting the findings and recommendations in
14  full, both motions (ECF Nos. 71, 72) are denied as moot.
15       Lastly, on April 7, 2025, Plaintiff filed a document entitled "Motion for Review of the
16  Magistrate Judge's Denial of Plaintiff's Motion for Recusal" and "Motion for Review of
17  Magistrate Judge's Denial of Plaintiff's Motion for Transfer of Venue." (ECF No. 76 at 1, 9.) The
18  court construes Plaintiff's filing as a "Request for Reconsideration by the District Court of
19  Magistrate Judge's Ruling" pursuant to Local Rule 303(c), specifically seeking reconsideration of
20  the magistrate judge's February 13, 2025 order (ECF No. 67) denying Plaintiff's motion for
21  recusal of the magistrate judge and motion to transfer venue. The standard of review for "all such
22  requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C.
23  § 636(b)(1)(A)." L.R. 303(f) (citing Fed. R. Civ. P. 72(a)). "[R]eview under the clearly erroneous
24  standard is significantly deferential, requiring a definite and firm conviction that a mistake has
25  been committed." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*,
26  508 U.S. 602, 623 (1993) (internal quotation marks omitted). Federal Rule of Civil Procedure
27  72(a) provides that non-dispositive pretrial matters may be referred to and decided by a
28  magistrate judge, subject to review by the assigned district judge. Fed. R. Civ. P. 72 (a); *see also*

L.R. 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." L.R. 303(f); *see also* 28 U.S.C. § 636(b)(1)(A). The magistrate judge's factual determinations are reviewed for clear error, whereas legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014). The court has reviewed the February 13, 2025 order and finds no clear error or conclusions that are contrary to law. Both of Plaintiff's motions were properly denied. Accordingly, Plaintiff's request for reconsideration (ECF No. 76) will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 68) are ADOPTED IN FULL;
2. Defendants' motion for summary judgment (ECF No. 49) is GRANTED;
3. Judgment shall be entered for Defendants;
4. Plaintiff's motion to file a third opposition to Defendants' motion for summary judgment (ECF No. 71) is DENIED as moot;
5. Plaintiff's motion for leave to file a third amended complaint (ECF No. 72) is DENIED as moot;
6. Plaintiff's request for reconsideration entitled "Motion for Review" (Doc. No. 76) is DENIED; and
7. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **September 28, 2025**

Dena Coggins
United States District Judge

3